

**FILED**

FEB 03 2014

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

SUSAN C. SUMMERS, )
    Plaintiff, )
vs. )
J. C. PENNEY CORPORATION, INC., )
    Defendant, )
and )
SEDGWICK CLAIMS MANAGEMENT )
SERVICES, INC. d/b/a POWERLINE ABSENCE )
MANAGEMENT CENTER, )
    Defendant. )

CIVIL ACTION NO.

3:14-CV-40
Varlan/Guyton

# COMPLAINT

This is an action filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA") against J. C. Penney Corporation, Inc., and Sedgwick Claims Management Services, Inc. d/b/a Powerline Absence Management Center ("Sedgwick") for their unlawful joint and several failure to find or determine Plaintiff Susan C. Summers ("Summers"), a resident of Knoxville, Tennessee, to be "disabled" as defined by the applicable rules and thus entitled to "illness recovery time" ("IRT") pursuant to the applicable Summary Plan Description ("SPD").

## JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

and 1337. This action is authorized and instituted pursuant to Sections 502 (a)(1)(B) and (a)(3) and (c)(1). of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), (a)(3) and (c)(1).

2. The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee.

## PARTIES

3. At all relevant times, Summers was an adult resident citizen of Knox County, Tennessee, and is expressly authorized to bring this action by Sections 502(a)(1)(B), (a)(3), and (c) of ERISA, 29 U.S.C. §§ 1132 (a)(1)(B), (a)(3) and (c). Summers, a long-term employee of J. C. Penney Corporation, Inc. ("JCP"), at West Town Mall in Knoxville, Tennessee who presently has left her employment with JCP because of her disabling medical condition, applied for IRT benefits on or about January 7, 2013, by responding to an inquiry from Sedgwick.

4. At all relevant times, Defendant JCP was a Delaware corporation, with its corporate headquarters located at 6501 Legacy Drive, Plano, Texas 75024-3612. JCP has been authorized to do business in the State of Tennessee since at least December 31, 1924, and currently does business in Knox County, Tennessee at West Town Mall, 7600 Kingston Pike in the City of Knoxville.

5. At all relevant times, Defendant Sedgwick was an Illinois corporation, with its corporate headquarters located at 1100 Ridgway Loop Road, Floor 2, Legal Department, Memphis, Tennessee 38120-4053. Sedgwick has been authorized to do business in the State of Tennessee since at least February 10, 1997, and currently, upon information and belief, does business out of its facilities in Lexington, Kentucky.

6. At all relevant times, JCP maintained, administered and/or carried out an employee benefits plan, fund or program for the purpose of providing medical, surgical, hospital care, sickness, accident, disability or other benefits for its employees, as set forth

2

in the SPD, within the meaning of Section 3(1) and (2) of ERISA, 29 U.S.C. § 1002(1).

7. At all relevant times, JCP provided or offered benefits to its employees through an "Employee Welfare Benefit Plan", which benefits include IRT disability benefits, as set forth in the SPD.

8. All conditions precedent to the institution of this action have been satisfied.

**STATEMENT OF CLAIMS**

9. Sedgwick is the "claims administrator" for the IRT sought by Summers.

10. The SPD elsewhere claims "the Claims Administrator has the final word on interpreting the eligibility and other provisions of the IRT Policy."

11. The SPD further elsewhere claims, in addressing employees of JCP: "The decision of the BAC [Benefits Administration Committee] or PAMC [Sedgwick] is final and binding on you or anyone claiming through you."

12. According to the SPD, Sedgwick/PAMC determines eligibility for IRT leave benefits, while an affiliate of JCP, *to-wit*: the Benefits Administration Committee [BAC], determines eligibility to participate in the benefits of the Plan.

13. The SPD explains that "eligibility" means that "[A]ll Benefits Eligible . . . Non-Management Associates are eligible for IRT."

14. The determination of eligibility for IRT benefits and the determination of eligibility to participate in the plan's benefits are the same, the responsibility for which is shared between the employer, JCP and its affiliate, the BAC, and the Claims Administrator, Sedgwick/PAMC.

15. Court review of the claims in this action is *de novo* and less deferential,

3

based upon the shared responsibility between JCP/BAC and PAMC/Sedgwick for determinations of eligibility for leave benefits eligibility for plan benefits.

16. As pertinent to this action, Sedgwick's definition of "disability" which it claims the Summers did not meet is set forth as follows: "An illness or injury which totally disables the employee from performing the essential functions of the employee's job, an alternative assignment or a reasonable accommodation."

17. Plaintiff was employed by JCP from September 25, 1992, until June 7, 2013. She worked for the Defendant as a Visual Merchandising Specialist, which, upon information and belief, involved the assembly of rigid display cabinetry, shelving and tables or the like according to pre-prepared corporate plans and specifications; lifting and carrying and moving on a pallet, boxes of merchandise and placing merchandise in the customer stage areas on prepared display cabinetry, shelving, tables or other fixtures; placing merchandise in stockrooms on shelves; scanning merchandise; changing price labels; scanning merchandise for pricing purposes; and other related duties.

18. During the administrative processing of Plaintiff's claim for IRT, Defendant made the claim that Plaintiff's job was sedentary in nature, a claim which Plaintiff disputes in this action.

19. Plaintiff's last day of engaging in work activity for the Defendant was December 30, 2012. Based upon disabling medical conditions, Plaintiff was unable to report to work on the next scheduled day, January 6, 2013, and she was placed on "Illness Recovery" leave on January 7, 2013, until her claim for IRT was decided, at which point, she was placed on FMLA leave for 3 months, then a subsequent three-month "Medical Leave" until she retired from work on June 7, 2013.

4

Case 3:14-cv-00040-TAV-HBG   Document 1   Filed 02/03/14   Page 4 of 9   PageID #: 4

20. Subsequent to the denial of Plaintiff's claim for IRT by Sedgwick, on April 16, 2013, she applied for and was granted, by letter dated April 24, 2013, Long-Term Disability benefits ("LTD") from the LTD administrator for JCP, Liberty Life Assurance Company of Boston ("Liberty Mutual"), which found that Summers' date of Disability was January 1, 2013. Payments of the LTD started on June 30, 2013, as a result of the required six-month waiting period for Short-Term disability. This information should be a part of Sedgwick's administrative record of Summers' said IRT claim, as Sedgwick was requested by letter dated December 6, 2013, to supplement said record with said information.

21. Plaintiff applied for Social Security Disability benefits on July 2, 2013, and by Notice of Award dated October 5, 2013, she was determined to be disabled and entitled to monthly benefits beginning in June 2013.

22. Plaintiff's claim through Sedgwick for IRT was made on January 7, 2013, on her first day of absence. This claim was denied by letter of Sedgwick's representative Michael McDonald dated January 28, 2013, essentially based upon the opinion that the medical evidence submitted by Summers' treating physician did not "document a severity of [Summers'] condition that supports [her] inability to perform [her] job duties as [of] 1/7/13 . . .". This decision lacked any reasoned basis and constituted an improper and insufficient determination of Plaintiff's claim for IRT. On January 28, 2013, Plaintiff requested an appeal of the denial.

23. On January 31, 2013, Defendant's receipt of Plaintiff's request for an appeal was acknowledged, and on March 11, 2013, Plaintiff's appeal was denied by letter from Sedgwick's representative, Kerry Clay, essentially based upon the allegation that

5

since Summers' back condition was "chronic [,] with care dating back to 2007, . . . there were no reported acute changes in [Summers'] examination or radiographic imaging to indicate impairment." Additional reasons for the denial were based upon a claimed examination of Plaintiff's medical records by Spyros Panos, M.D., and Jeremy Kaye, M.D., whose report of their examination stated that Plaintiff's pain symptoms could not be considered as true radiculopathy because the symptoms did not follow the required dermatomal pattern and were not supported by "examination abnormalities". Dr. Panos stated that there was insufficient objective evidence to support an impairment, and the said Kerry Clay wrote

> Ms. Summers [,] your subjective complaints of pain are not quantified upon examination. The records do not support why [*sic*] you would be unable to perform your usual sedentary job. Dr. Panos noted there are no neurological findings, significant objective findings or functional deficits demonstrated that would warrant total disability.

This second denial also lacked any reasoned basis and constituted an improper and insufficient determination of Plaintiff's claim for IRT.

24. On April 16, 2013, Plaintiff requested a review of the March 11, 2013, denial by way of a letter from Undersigned of that date.

25. On April 23, 2013, Attorney Derek B. Lipscombe, Defendant's Senior Managing Counsel, Labor and Employment Group, sent a letter to Undersigned stating that the afore-referenced, undersigned's appeal dated April 16, 2013, which he characterized as a "denied IRT [illness recovery time] claim", had been sent to JCP's Benefits Administration Committee ("BAC") per the requirements of the Summary Plan

6

Description, and that the BAC would contact the Undersigned if it required additional information and/or at such time that it made a decision on the appeal.

26. Lipscombe further stated in a second letter to Undersigned dated April 24, 2013, that Summers had appealed the initial denial of her claim for IRT to Sedgwick's Powerline Absence Management Center ("PAMC") and that its decision "is final and binding", in accordance with the Plan Summary.

27. The Plan Summary Description does not adequately distinguish between the terms "Illness Recovery Time" claim and "Claim for Short-Term Disability benefits" in violation of ERISA.

28. As Plaintiff's claim for LTD was immediately granted by the Defendant and her claim for Social Security disability benefits was granted in a relatively expeditious fashion, such events directly undercut any claimed reasonableness in the Defendant's decisions to deny to the Plaintiff her application for IRT.

29. Having heard nothing from Mr. Lipscomb or otherwise from the Defendant by May 20, 2013, Undersigned sent a letter to Mr. Lipscombe of that date which inquired as to the possibility of an informal resolution to the pending claim. There was no response to this letter.

30. Having heard nothing further thereafter, on September 10, 2013, Undersigned sent a letter to Mr. Lipscombe on said date, noting that a decision from the BAC on the pending appeal was past due, and in expressing concern about satisfaction of any administrative exhaustion requirement, asked that Mr. Lipscombe contact Undersigned without delay. Undersigned has received no response to this letter.

**PRAYER FOR RELIEF**

7

WHEREFORE, Summers respectfully requests that this Court:

A.  Grant a permanent injunction which jointly and severally enjoins JCP and Sedgwick, its/their agents, officers, successors, and assigns, and all persons in active concert or participation with them, from failing or refusing to retroactively approve her claim for short term disability benefits and to retroactively provide the appropriate life insurance coverage.

B.  Order jointly and severally JCP and Sedgwick to make whole Summers, by retroactively approving her claim for short term disability benefits for the period of time that said benefits were not but should have been paid, and other affirmative relief necessary to eradicate the effects of its wrongful denial of said benefits, including but not limited to retroactive emplacement of STD benefits and group life insurance coverage from the date such benefits were ceased, with a lump-sum payment for the period of time that Summers did not receive such benefits but nonetheless should have received said benefits, retroactive and continuous life insurance coverage, and prejudgment interest.

C.  Grant such further relief as the Court deems necessary and proper.

D.  Award Plaintiff her costs and all attorneys fees in this action.

E.  Any other relief to which Plaintiff may be entitled.

Respectfully Submitted,

8

Case 3:14-cv-00040-TAV-HBG Document 1 Filed 02/03/14 Page 8 of 9 PageID #: 8

/s/Stephen T. Hyder
**STEPHEN TALBERT HYDER**
Attorney at Law (BPR No. 015325)
P.O. Box 5389
Maryville, Tennessee 37802-5389
 Phone: 865 977 7454
 Facsimile: 865 977 4454
 email *sth@prodigy.net*

9